IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE AMERICAN FEDERATION OF STATE, COUNTY and MUNICIPAL EMPLOYEES, AFL-CIO, COUNCIL 31, and JEANETTE RETTLE, STACIE McKINNIE-WALLACE, ROSEMARY ROBINSON, SHAWNE HAMMONDS, KAREN CARTHANS, ESTEPEN BESKOROVANY, and MIKE HAMIL,<br><br>        Plaintiffs,<br><br>vs.<br><br>STATE OF ILLINOIS and DANIEL W. HYNES, in his official capacity as Comptroller for the State of Illinois,<br><br>        Defendants. | No. 09-527-MJR |

## DEFENDANTS' RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, PRELIMINARY INJUNCTION

COME NOW defendants, State of Illinois and Daniel W. Hynes, in his official capacity as Comptroller of the State of Illinois, by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby submit their response to plaintiffs' motion for a temporary restraining order or preliminary injunction. In support thereof, the following statements are made.

### I. INTRODUCTION

Plaintiffs' request for a temporary restraining order or preliminary injunction should be denied. They seek this extraordinary relief based on the federal and state constitutional Contract Clauses and the federal Fair Labor Standards Act (FLSA). None of these theories entitles plaintiffs to injunctive relief. First, plaintiffs have no likelihood of success on the merits of their Contract Clause claims because (1) the failure to appropriate funds

to make payroll was not a legislative enactment, as required by those constitutional provisions, and (2) even if it were a legislative enactment, the failure to pass an appropriations measure did not deprive plaintiffs' of their remedies for any breach of their employment contracts that might result.  Second, plaintiffs lack standing to enjoin a violation of the FLSA, which gives the U.S. Department of Labor sole authority to obtain injunctive relief to enforce rights under the FLSA.  And the payments that plaintiffs seek are not authorized by the FLSA or Illinois law in any event.  Furthermore, plaintiffs have adequate remedies at law for any statutory or contractual breaches.  Therefore, this Court should deny their request for a temporary restraining order or preliminary injunction requiring the Comptroller to pay the full state payroll in the absence of an appropriation.

## II.  ISSUES AND ARGUMENTS

**A.     The plaintiffs are not entitled to emergency injunctive relief.**

This Court should deny the plaintiffs' motion for a temporary restraining order or preliminary injunction because the plaintiffs do not have a likelihood of success on the merits, they do have an adequate remedy at law, and the balance of the hardships weighs against granting the extraordinary relief requested by the plaintiffs.

The purpose of a preliminary injunction is to preserve the status quo pending resolution of the merits of a case.  *Indiana Civil Liberties Union v. O'Bannion*, 259 F.3d 766, 770 (7th Cir. 2001).  This relief is extraordinary and should be granted where the movant by a clear showing, carries the burden of persuasion.  *Christian Legal Society v. Walker*, 473 F.3d 853, 870 (7th Cir. 2006).

When seeking a temporary restraining order or a preliminary injunction, the plaintiffs

have the burden of establishing by a preponderance of the evidence that (1) they have a reasonable likelihood of success on the merits; (2) they have no adequate remedy at law; (3) they will suffer irreparable harm without the emergency interlocutory relief; and (4) an injunction will not harm the public interest. *Christian Legal Society*, 473 F.3d at 870. The circuit court also must weigh the relative hardships to the parties from the grant of the interlocutory injunction. *Id.*

**B.   Plaintiffs cannot show any likelihood of success on their claims.**

Plaintiffs' motion should be denied because they cannot establish a likelihood of success on the merits of their claims. Plaintiffs raise two issues in their complaint: impairment of contract in violation the United States and Illinois constitutions, and violation of the FLSA (29 U.S.C. §201, *et seq.*). Plaintiffs are not likely to succeed on either of these claims.

**1.   Plaintiffs' impairment of contract claim fails on multiple, independent grounds.**

Plaintiffs cannot show any likelihood of satisfying the elements of a constitutional impairment of contract claim. Such a claim requires, first, some affirmative action by the legislature. This element appears on the face of the clause itself: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1.[1] And the Supreme Court has reinforced this plain meaning: "It is equally well settled than an

---

[1] The Contracts Clause of the Illinois Constitution is materially identical to its federal counterpart: "No . . . law impairing the obligation of contracts . . . shall be passed." Ill. Const., art. I, §16. And no Illinois court has interpreted this provision to be other than co-extensive with the federal constitutional provision. *See, e.g., General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 285 (2002)(discussing both provisions simultaneously); *Panzella v. River Trails School District No. 26*, 313 Ill. App. 3d 527, 535 (2000)(same).

impairment of the obligation of the contract, within the meaning of the Federal Constitution, *must be by subsequent legislation . . . .* " *Cleveland & Pittsburgh Railroad Co. v. City of Cleveland*, 235 U.S. 50, 53-54 (1914)(emphasis added).

Plaintiffs cannot make this threshold showing, for the impairment of contract that they allege arises not from any legislative enactment, but from the State's failure to pass a budget and the Comptroller's consequent inability to take action. It is not "subsequent legislation" that plaintiffs challenge, but the absence of legislative action; therefore, those claims fall outside the scope of this constitutional provision.

Plaintiffs thus err in relying on *University of Hawaii Professionals Assembly v. Cayetano*, 183 F.3d 1096 (9th Cir. 1999). Indeed, the Ninth Circuit in that case reaffirmed the need for a change in law that substantially changes the parties' contractual relationship. *Id.* at 1101-02, *citing General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). This requirement, which plaintiffs cannot satisfy here, was easily met in *Cayetano*, where the state legislature passed a law whose direct effect was to change and impair a preexisting state contract.

Second, even if plaintiffs could point to some new law as the basis for their impairment claim, that claim still would fail. To state a Contracts Clause claim, the legislative action at issue must substantially impair the contractual relationship. *Cayetano*, 183 F.3d at 1101-02. And key to understanding "substantial impairment" is the essential legal distinction between legislative acts that cause a contract to be violated (giving rise to a breach of contract claim) and legislative actions that provide a defense to a contract breach (giving rise to a Contract Clause claim). *Horwitz-Marshall, Inc. v. City of Chicago*,

78 F.3d 1248, 1251 (7th Cir. 1996). "It would be absurd to turn every breach of contract by a state or municipality into a violation of the federal Constitution," *id.* at 1250, and the "substantial impairment" required to make out a Contracts Clause claim thus requires something more—the challenged statute must not merely breach existing contract terms, but it must actually "set up a defense that prevent[s] [State employees] from obtaining damages, or some equivalent remedy, for the breach." *Id.*; *see E & E Hauling, Inc. v. Forest Preserve Dist. of DuPage County, Ill.*, 613 F.2d 675, 679 (7th Cir. 1980) (explaining difference between breach of contract claim and Contracts Clause claim). In this case, the State's failure to appropriate funds to timely pay plaintiffs' full wages in no way forecloses any contractual remedy plaintiffs may have in the event of an alleged breach of their employment contracts. Plaintiffs have not lost any contract law remedies against the State, and this fact alone is fatal to their impairment of contract claim.

At best, plaintiffs allege a mere breach of contract, and it is well settled that such a claim is barred by sovereign immunity. The State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.*) vests exclusive jurisdiction in the Court of Claims for any claim "founded upon any contract entered into with the State." *See* 705 ILCS 505/8(b); *Alden Nursing Center - Lakeland, Inc. v. Patla*, 317 Ill. App. 3d 1,10 (2000)(explaining that Court of Claims Act gives that court exclusive jurisdiction over claims against State that are contractual in nature). Plaintiffs' actions for damages and injunctive relief are present claims founded on their current contracts that could subject the State to liability; therefore, those claims are barred by sovereign immunity, *Ellis v. Board of Governors of State Colleges & Universities*, 102 Ill. 2d 387, 394-95 (1984), and must be pursued in the Court of Claims.

Relatedly, sovereign immunity bars the specific relief that plaintiffs seek—a mandatory injunction compelling defendants to pay plaintiffs. "[T]he doctrine of sovereign immunity bars the court from entering a mandatory injunction compelling the state to take specific action." *Brando Construction v. Department of Transportation*, 139 Ill. App.3d 798, 805 (1985). An order requiring a State official to disburse public funds is a mandatory injunction barred by sovereign immunity. *City of Carbondale v. Bower*, 332 Ill. App.3d 928 (2002).[2] For this reason, too, plaintiffs cannot show a likelihood of succeeding on their impairment of contract claim.

### 2. Plaintiffs lack standing to bring their FLSA claim, and in any event neither the FLSA nor Illinois law entitles plaintiffs to the relief they seek.

Plaintiffs alternative, FLSA, theory fails on multiple grounds as well. First, plaintiffs lack standing to seek an injunction under the FLSA, for the statute itself bars private parties from pursuing equitable relief. *Heitmann v. City of Chicago*, 560 F.3d 642, 644 (7th Cir. 2009). Only the U.S. Department of Labor may seek an injunction under the FLSA. *Id.*

Section 211 of the FLSA provides that actions to enjoin statutory violations under §217 must be brought by the Administrator of the Wage and Hour Division of the Department of Labor. *See* 29 U.S.C. §211(a); 29 U.S.C. §216(b) (providing for the filing of a complaint for injunctive relief by Department of Labor). As the Seventh Circuit has explained, "[c]ourts facing the issue have uniformly held that . . . the right to seek injunctive relief rests exclusively with the Secretary of Labor." *Howard v. City of Springfield*, 274 F.3d 1141, 1145 (7th Cir. 2001). Thus, "private parties may not seek injunctive relief under the

---

[2] The State of Illinois has waived sovereign immunity for suits by its employees under the FLSA. 745 ILCS 5/1.5(b). This exception does not save plaintiffs' action because that act does not authorize this claim for injunctive relief at all.

FLSA." *Id*.; *see Heitmann*, 560 F.3d at 644. Plaintiffs' FLSA claim, then, may not serve as the basis for injunctive relief because plaintiffs do not have standing to enjoin a violation of the FLSA either on a preliminary or permanent basis.

Second, the relief that plaintiffs seek is not available under the FLSA in any event. Plaintiffs demand their full wages, but the Act does not require employers to pay normal wages. It mandates only that employees who are not exempt receive the federal minimum wage. *See* 29 U.S.C. §206.

Third, and finally, the FLSA does not preempt Illinois' constitutional limitation on the Comptroller's authority to make payments only with a legislative appropriation. Thus, in ruling that the FLSA did not preempt a state constitutional requirement that money could not be paid out of the state treasury until a budget had been passed and the appropriations had been made by law, the Pennsylvania Commonwealth Court held that "Congress did not intend the FLSA to authorize public employers to raid their treasuries illegally...." *Council 13, American Federation of State, County & Municipal Employees v. Commonwealth of Pennsylvania*, 954 A.2d 706, 716 (2008). In that case, the Governor devised a contingency plan for use in a future budget impasse, which included the furlough of nonessential employees and payment of minimum wages to FLSA-covered critical and noncritical employees. *Id.* at 709. The union, in seeking declaratory and injunctive relief, argued that the Governor could use funds in the State treasury, although the money had not yet been appropriated for expenditure. The Governor sought approval of his contingency plan and requested a court order authorizing him to draw on the funds of the treasury without an appropriation so that he could comply with the FLSA. The court denied relief to the union, indicating that to do so would violate the state constitution. The same

limitation applies to the Illinois Comptroller, *see American Federation of State County and Municipal Employees v. Netsch*, 216 Ill. App. 3d 566, 568 (1991), and the same result must obtain.

In short, plaintiffs cannot show a likelihood of success under either theory. They cannot satisfy two of the elements of their impairment of contract claim, and they lack standing to pursue injunctive relief under the FLSA, which does not authorize the relief that plaintiffs seek in any event. Accordingly, the request for injunctive relief should be denied.[3]

**C.    Plaintiffs have adequate remedies at law.**

But even if plaintiffs had shown a likelihood of success on the merits of their claim, they are not entitled to emergency injunctive relief for another reason: they have an adequate remedy at law. Injunctive relief is authorized only where plaintiffs lack a legal remedy. *Roland Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). Where damages can be determined and the plaintiffs can be made whole with an award of damages, there is an adequate remedy at law. *Id*.

Far from denying plaintiffs an adequate legal remedy, the FLSA affirmatively forecloses them from seeking equitable relief and, in exchange, provides ample remedies at law. *See* 29 U.S.C. §§ 211, 216. Moreover, the AFSCME collective bargaining agreement contains grievance and arbitration procedures. Plaintiffs fail to allege that they have pursued those contractual remedies, much less that these provisions (for which

---

[3] Plaintiffs make occasional references to the Illinois Personnel Code (20 ILCS 415/8b.13), which authorizes employee layoffs. Plaintiffs allege no violation of the Code, however, nor do they make any factual allegations that defendants are undertaking an unlawful layoff plan. Instead, plaintiffs' allegations suggest that payment of state wages may be delayed due to the budget impasse and the inability to issue pay warrants without an appropriation.

plaintiffs themselves bargained) are somehow inadequate. Because plaintiffs have an adequate remedy at law, they are not entitled to interlocutory injunctive relief.

**D.     The balance of the hardships also compels denial of the motion.**

Finally, the grant of the requested injunctive relief would work a significant hardship on the State and the political budget-making process. The State does not have an FY2010 budget, and therefore the amount of funds to be appropriated for the operation of state government is not settled. The budget-making process is quintessentially political in nature. If this Court were to grant injunctive relief and require the Comptroller to issue warrants to make payments without an appropriation from the General Assembly while the political budget-making process is on-going, this Court would improperly interject the judiciary into the spheres properly occupied by the other two branches of government. Indeed, the court-ordered payment of state employees during the budget-making process would affect the pressures and considerations that weigh on the members of the General Assembly and the Governor as they engage in the political process, and that could have serious consequences on the desire or ability of those parties to achieve a working budget, which in turn could have serious consequences for the operation of state government. For this reason, too, plaintiffs' extraordinary request to compel the Comptroller to authorize and issue paychecks to state employees in the absence of a lawful appropriation should be denied.

WHEREFORE for the foregoing reasons, defendants respectfully request this honorable Court to deny the motion for temporary restraining order or preliminary injunction.

                Respectfully submitted,

                STATE OF ILLINOIS and COMPTROLLER DANIEL HYNES,

                    Defendants,

                LISA MADIGAN, Attorney General
                State of Illinois,

KAREN L. McNAUGHT, #6200462        Attorney for Defendants.
TERENCE J. CORRIGAN, #6191237
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)782-1841                    By:   s/Karen L. McNaught
                                           KAREN L. McNAUGHT
Of Counsel.                                Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE AMERICAN FEDERATION OF STATE, COUNTY and MUNICIPAL EMPLOYEES, AFL-CIO, COUNCIL 31, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF ILLINOIS, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 09-527-MJR ) ) ) ) ) |

### Certificate of Service

I hereby certify that on July 15, 2009, I presented the foregoing Defendants' Response to Motion for Temporary Restraining Order Or, in the Alternative, Preliminary Injunction to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Gilbert Feldman
gfeldman@cornfieldandfeldman.com

Stephen A. Yokich
syokich@cornfieldandfeldman.com

and I hereby certify that on July 15, 2009, I have mailed by United States Postal Service, the document to the following nonregistered participant:

Respectfully submitted,

s/Karen L. McNaught
Karen L. McNaught Bar Number: 6200462
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us